**E-Filed 3/13/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLORENTINO HERNANDEZ AND SILVIA HERNANDEZ,<br><br>             Plaintiff,<br><br>   vs.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. AND FCI LENDER SERVICES, INC, and DOEs 1 - 50, inclusive<br><br>             Defendants. | Case Number C 08-05732 JF (PVT)<br><br>ORDER[1] GRANTING MOTION TO DISMISS<br><br>[Re: Docket No. 5] |

Defendant U.S. Bank National Association ("U.S. Bank") moves to dismiss the instant case for failure to state a claim upon which relief may be granted. The Court has read and considered the moving papers.[2] For the reasons set forth below, the motion will be granted with leave to amend.

## I. BACKGROUND

Plaintiffs Florentino Hernandez and Silvia Hernandez ("the Hernandezes") claim to be

---

[1] This disposition is not designated for publication in the official reports.

[2] The Hernandezes and their counsel did not appear at the motion hearing on February 27, 2009.

1  the owners in fee of the real property located at 2389 Story Road, San Jose, California, 95122.
2  The Hernandezes allege that on October 29, 2008, defendant FCI Lender Services, Inc. ("FCI"),
3  at the insistence of Defendant Downey Savings and Loan Association F.A. ("Downey"), issued a
4  notice of trustee's sale of the real property.  Compl. at 2:1-3.  They allege that on November 24,
5  2008, through their counsel and by facsimile, they demanded proof from FCI and Downey
6  ("Defendants") of Defendants' right to proceed in foreclosure as well as a detailed accounting of
7  how the stated amount necessary to redeem the property from foreclosure had been calculated.
8  Compl. at 3:11-17.  The Hernandezes allege that Defendants' responses were inadequate.
9  Compl. At 3:12-13, 18.  On November 25, 2008, they filed suit in the California Superior Court,
10 alleging that Defendants engaged in unfair debt collection practices, predatory leading and
11 violations of the Federal Racketeer Influenced and Corrupt Organization act ("RICO").  On
12 December 23, 2008,  the action was removed to this Court .  Defendant U.S. Bank, the successor
13 in interest to the Federal Deposit Insurance Corporation as receiver for Downey, now moves to
14 dismiss.  The motion is unopposed.

## II.  MOTION TO DISMISS

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) (internal citations omitted).   Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

**A. Unfair Debt Collection Practices**

The Hernandezes allege that Defendants violated the Federal Fair Debt Collection Act ("FDCPA"), the Real Estate Settlement Procedure Act ("RESPA"), 12 C.F.R. § 226 ("Regulation Z"), California's Rosenthal Fair Debt Collection Act ("Rosenthal Act") and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41-58.

Under the FDCPA, if the consumer disputes a debt or requests the name and address of the original creditor, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). The Hernandezes sent a facsimile to FCI on November 24, 2008 and filed suit on November 25, 2008. They do not allege any facts demonstrating that Defendants continued their efforts to collect the debt following receipt of the facsimile.

The Rosenthal Act incorporates the FDCPA's provisions concerning validation of debts and makes non-compliance with those provisions a violation of California law. *See* Cal. Civ. Code §§ 1788.17. As discussed above, the Hernandezes do not allege any facts demonstrating that Defendants violated the FDCPA.[3]

RESPA requires that "if any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days." 12 U.S.C.A. § 2605(e)(1)(A). The Hernandezes filed the instant action one day after they made their request, before Defendants' allotted time to respond had run. Accordingly, the claim was not ripe.

---

[3] The Hernandezes also allege that Defendants violated section 1788(e) and (f) of the Rosenthal Act. Compl. at 5:12-13. The entirety of section 1788 reads, "[t]his title may be cited as the Rosenthal Fair Debt Collection Practices Act." It does not contain a subsection (e) and (f).

**B. Predatory Lending Practices**

The Hernandezes allege that Defendants engaged in predatory lending practices in violation of the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA") and Federal Trade Commission Act ("FTCA"). Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009) (citing 15 U.S.C. § 1601). Congress subsequently amended TILA by enacting HOEPA. 15 U.S.C. § 1602(aa), 1610, 1639, 1640. Creditors are liable for damages for violation of TILA/HOEPA in certain situations. *See* 15 U.S.C. § 1640. However, any damage claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In the Ninth Circuit, this limitation period generally "runs from the date the loan transaction is consummated." *King v. State of Cal*., 784 F.2d 910, 915 (9th Cir. 1986).

TILA also provides borrowers with a right to rescind certain loan transactions. *See* 15 U.S.C. § 1635(a). The rescission right expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor[.]" 15 U.S.C. § 1635(f). *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("§ 1635 is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation.")

Consummation is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). The loan transaction at issue here was consummated no later than July 11, 2005, the date on which the Deed of Trust was recorded in the official records in the office of the Santa Clara County Recorder. Compl. Ex. 1. Therefore, any damage and rescission claims brought pursuant to TILA and HOEPA after July 11, 2006 and July 11, 2008, respectively, are untimely. The Hernandezes filed the instant complaint on

1  November 25, 2008.

2        The Hernandezes' TILA and HOEPA claims also are insufficiently pled.  TILA is
3  designed "to protect consumers' choice through full disclosure and to guard against the divergent
4  and at times fraudulent practices stemming from uninformed use of credit." *King*, 784 F.2d at
5  915.  The Hernandezes do not allege any facts with respect to disclosures made or actions taken
6  in connection with the origination of the loan transaction at issue. In addition,  HOEPA applies
7  only to mortgages that fall within the Act's definition.  *See* 15 U.S.C. § 1602(aa)(1)(A), (B)
8  (listing the types of mortgage transaction to which HOEPA applies).  The Hernandezes do not
9  allege facts sufficient to establish that their loan was subject to HOEPA.

10        The Hernandezes allege that Defendants' actions also violated Regulation Z.  Regulation
11  Z contains four sub-parts and appendices, and each subpart relates to a different type of
12  transaction and is governed by particular rules and requirements.  *See* 15 C.F.R. § 226.1(d) (1-6).
13  The Hernandezes do not specify which of Regulation Z's provisions allegedly were violated.

14        The complaint alleges merely that Defendants "[have] engaged in predatory lending
15  practices with respect to [the Hernandezes] in violation of [HOEPA, TILA, and Regulation Z],
16  the specifics of which are unknown, but which are subject to discovery and with respect to which
17  the specifics will be alleged by amendment to this complaint when ascertained." Compl. at 6:2-
18  7.  These conclusory allegations are insufficient to state a claim against Defendants for violation
19  of HOEPA, TILA Regulation Z, or any other federal statue or regulation.

20        The predatory lending practices claim also is premised on an alleged violation of the
21  FTCA.  *Id*. at 6:5.  However, "FTCA regulations do not create private rights." *Piche v. Clark*
22  *County Collection Service, LLC*, No. 03-16101, 2004 WL 2943686, at 1 (9th Cir. Nev. 2004)
23  (citing *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir.1981)).

24  **C.  RICO**

25        The Hernandezes allege that the Defendants violated RICO "through attempts to collect
26  unlawful debts." Compl. 6:22.  RICO defines an unlawful debt as:

27      a debt (A) incurred or contracted in gambling activity which was in violation of
    the law of the United States, a State or political subdivision thereof, or which is
28      unenforceable under State or Federal law in whole or in part as to principal or

Case No. CV 08-05732 JF (PVT)
ORDER GRANTING MOTION TO DISMISS
(JFEX1)      5

      interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate."

18 U.S.C. § 1961(b). The Hernandezes do not provide any factual support for their claim that their mortgage falls within RICO's definition of an unlawful debt.

      The Hernandezes assert that Defendants violated RICO by committing mail fraud and fraudulent sale of securities. Compl. at 6:23-24, 7:1-2. "Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (internal citation omitted). This heightened pleading standard applies to RICO claims alleging fraud. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989) (dismissing the RICO claim for failure to specify the time, place, and content of the alleged mail and securities fraud.) The Hernandezes allege no detailed facts relating to Defendants' alleged fraudulent acts. In addition, where Hernandezes allege that Defendants committed prohibited interference with commerce, robbery, or extortion, in violation of RICO, Compl. at 6:25-27, their complaint is devoid of any facts relating to the nature of the commerce or the alleged robbery and extortion.

      Finally, the complaint alleges "that Defendants and each of them are engaged in a pattern and practice to obtain title of property without compliance and in violation of [Division] 3 of the California Commercial Code and in fact attempt to circumvent perfecting negotiable instruments as mandated under applicable law."[4] Compl. at 7:4-6. Division 3 contains three chapters dealing with negotiable instruments**.** See Cal. Com. Code §§ 3100 *et seq*. The Hernandezes do not specify which statute within Division 3 Defendants allegedly have violated, nor do they allege any facts to support these allegations.

---

      [4]The complaint alleges violation of Article 3 of the California Commercial Code. It appears that the Hernandezes intended to allege a violation of *Division 3* of that code.

### IV.  ORDER

For the reasons discussed above**,** the motion to dismiss is GRANTED**.**  Because the complaint is the Hernandezes' initial pleading and it is not clear that at least some of the deficiencies of the complaint could not be cured by amendment, leave to amend will be GRANTED. Any amended pleading shall be filed no later than thirty (30) days from the date of this Order.[5]

**IT IS SO ORDERED.**

DATED: 3/13/09

_____
JEREMY FOGEL
United States District Judge

---

[5] Any amended pleading also must comply with the requirements of Fed. R. Civ. P. 11.

1  This Order was served on the following persons:

2

3  Dana James Dunwoody    ddunwoody@sheppardmullin.com

4  J Barrett Marum    bmarum@sheppardmullin.com

5  Homan Mobasser
   M.W. Roth, PLC
   13245 Riverside Drive
6  Suite 320
   Sherman Oaks, CA 91423

7

8  Scott Mark Gitlen
   M.W. Roth, PLC
9  13245 Riverside Drive
   Suite 510
10 Sherman Oaks, CA 91423

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 08-05732 JF (PVT)
ORDER GRANTING MOTION TO DISMISS
(JFEX1)                              8